IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON AUSTIN, et al.,

    *Plaintiffs,*

v.                                                Case No.: 1:25cv16-MW/MJF

BRIAN LAMB, et al.,

    *Defendants.*

_____/

## ORDER ON MOTIONS TO DISMISS

This Court has considered, without hearing, Defendants' motions to dismiss Plaintiffs' first amended complaint, ECF Nos. 60 & 62, Plaintiffs' omnibus response in opposition, ECF No. 69, and Defendants' replies, ECF Nos. 70 & 71.

Plaintiffs are public university professors challenging state statutes and regulations governing general education course requirements and university funding. Specifically, Plaintiffs claim SB 266's "funding restrictions" are viewpoint discriminatory, overbroad, and unconstitutionally vague.[1] They also claim SB 266's general education requirements are overbroad and unconstitutionally vague.[2] Finally, Plaintiffs allege that the funding restrictions and the general education

---

[1] Section 1004.06(2)(b), Florida Statutes (2023) and Board of Governors Regulation 9.016(1)–(2) ("Prohibited Expenditures"), available at Regulation-9.016-Prohibited-Expenditures_-post-circulation_v6-FINAL.pdf (last visited September 23, 2025).

[2] Sections 1007.25(3) and 1007.55(1)(a), Florida Statutes (2023)

requirements violate Florida' Campus Free Expression Act. Defendants contend, among other things, that Plaintiffs' claims are due to be dismissed for lack of subject matter jurisdiction. This Court has reviewed Plaintiffs' allegations in the First Amended Complaint. Taking their factual allegations as true and construing all reasonable inferences in Plaintiffs' favor, this Court agrees that Plaintiffs fail to allege facts demonstrating Article III standing at the pleading stage for a number of their claims.

Start with Plaintiffs' claims challenging the general education requirements. Plaintiffs' alleged injury in fact with respect to these provisions boils down to self-censorship, but their factual allegations demonstrate that this harm is self-imposed. The alleged chill and self-censorship of Plaintiffs' in-class speech is a self-imposed injury based on the fear of losing a course designation to which no Plaintiff is constitutionally entitled. *See* ECF No. 49 ¶¶ 9–10. Further, the alleged downstream effects of the potential loss of general education status are speculative harms that do not give rise to an injury in fact for standing purposes. *See id*. ¶ 11. Insofar as the parties agree that Plaintiffs do not have a constitutional right to have their courses designated as "general education" courses as part of the State's public university curriculum, Plaintiffs' self-censorship to attempt to keep or attain their course's general education status and to avoid speculative, downstream harms is not a cognizable injury in fact. In short, this Court agrees with Defendants that Plaintiffs

2

fail to allege facts demonstrating that they have suffered a plausible constitutional injury with respect to their claims challenging the general education requirements. Instead, Plaintiffs' allegations and arguments attacking the language governing and application of the general education requirements are largely rooted in policy disagreements. But whether this Court agrees with either side's policy arguments concerning the State's general education curriculum is irrelevant. Accordingly, Plaintiffs' claims challenging sections 1007.25(3) and 1007.55(1)(a), Florida Statutes (2023), are **DISMISSED for lack of subject matter jurisdiction**.

As for Plaintiffs' challenges to the funding restrictions, Plaintiffs do not assert that they have standing to proceed against the FSU and USF Defendants. Nor does Dr. Rainwater allege any facts challenging the funding restrictions as applied to her. Accordingly, Dr. Goodman, Dr. Belgrad, and Dr. Rainwater's claims against the members of their employer's Boards of Trustees (BOTs)—namely the FSU, USF, and FIU BOTs— challenging the funding restrictions are **DISMISSED for lack of subject matter jurisdiction**. Inasmuch as they also bring these claims against the members of the Board of Governors, they are also **DISMISSED for lack of subject matter jurisdiction.**

Next, Drs. Marr, Queeley, and Rahier—all professors at FIU—challenge the funding restrictions based on "fears," "concern[s]," and "worr[ies]" that FIU will deny their funding requests for reimbursement to attend conferences and host guest

3

speakers on campus, in addition to any negative implication that the improper use of funds may ultimately have for their research and post-tenure review. ECF No. 49 ¶¶ 91–94. Dr. Rahier offers no specific factual allegations regarding the *what* or *when* of intended funding requests, and thus, has not alleged facts giving rise to a cognizable injury in fact inasmuch as his subjective fears of some hypothetical future injury, alone, do not amount to a constitutional injury. *See, e.g.*, *LaCroix v. Lee Cnty.*, 819 F. App'x 839, 842 (11th Cir. 2020).

Likewise, Drs. Marr and Queeley allege only a few additional details that leave more questions than answers as to whether they have or imminently will suffer an injury in fact. Specifically, both Dr. Marr and Dr. Queeley allege an intent to apply for reimbursement funding to attend conferences and present papers at events that occurred in July and August of this year. *See id*. ¶¶ 27, 31. These Plaintiffs have not alleged that their conference attendance or presentation was or is chilled, that they were denied funding to attend any conference, or that anyone at FIU has indicated that reimbursement would not be forthcoming. In short, Drs. Marr and Queeley simply allege that they fear they won't be reimbursed for attending conferences that have already happened. Again, such subjective fears, without more, do not give rise to a cognizable constitutional injury. And the additional allegation that the university initially denied funding but ultimately provided funding for an event that occurred on campus during the 2024-2025 school year, *see, e.g.*, ECF No. 49 ¶ 27, does not

4

transform Plaintiffs' subjective fears that the university will deny funding to attend a completely different event addressing different topics at a different location into a reasonable fear such that it supports the FIU Plaintiffs' standing to bring this pre-enforcement challenge. Accordingly, Drs. Marr, Queeley, and Rahier have not alleged facts demonstrating a cognizable Article III injury at the pleading stage as it concerns the funding restrictions. Instead, their allegations demonstrate only subjective fears and speculative harm based on a concern that funding will be denied at some point in the future, and this may ultimately have a negative impact on their academic careers. Their claims challenging section 1004.06(2)(b), Florida Statutes (2023) and Board of Governors Regulation 9.016(1)–(2), are **DISMISSED for lack of subject matter jurisdiction.**

    This leaves Dr. Austin's viewpoint discrimination, facial overbreadth, and void-for-vagueness challenges against the funding restrictions. For starters, in response to Defendants' motions to dismiss, Plaintiffs do not identify any non-conclusory factual allegations concerning Dr. Austin and the funding restrictions that support a vagueness claim. *See* ECF No. 69 at 46–50; *see also* ECF No. 49 ¶ 107 (conclusory allegation that funding restrictions are void for vagueness) and *id*. ¶¶ 106, 109–32 (allegations targeting curriculum restrictions as unconstitutionally vague without addressing funding restrictions). Plaintiffs have apparently abandoned Dr. Austin's vagueness claim to the extent it could be construed as

challenging the funding restrictions as void for vagueness. Accordingly, Dr. Austin's vagueness claim challenging the funding restrictions is due to be dismissed.

However, as for Dr. Austin's First Amendment claims, this Court is persuaded that she has plausibly alleged standing to challenge the funding restrictions. Dr. Austin is a professor at UF and alleges that she has already been denied funding to attend an international conference—"the Global Inclusion Conference"—in 2024 and that she intends to seek funding to attend this same conference again in October 2025, among other upcoming events for which she has received university funding in the past. ECF No. 49 ¶¶ 83–87. Given UF's recent enforcement of the funding restrictions against Dr. Austin and her specific plans to apply for funding to attend and present at the same and similar events in the near future, this Court is persuaded that Dr. Austin, at this juncture, has alleged facts demonstrating a plausible injury in fact—the denial of funds and imminent threatened denial of funding—traceable to the Defendants' enforcement of the challenged funding restrictions and redressable by an injunction prohibiting further enforcement.

The balance of Defendants' arguments in favor of dismissal are largely attacks on the merits that are best left for summary judgment with a more developed record. As to the UF BOT members' argument that sovereign immunity bars Dr. Austin's claim for declaratory relief, this Court agrees with Plaintiffs that this claim is properly characterized as one seeking prospective relief to prohibit ongoing

violations of Dr. Austin's constitutional rights pursuant to *Ex parte Young*. *See* ECF No. 69 at 37–38. And, finally, this Court acknowledges that Plaintiffs "do not contest the dismissal of Count IV" of the amended complaint. As a result, Count IV is due to be dismissed as barred by sovereign immunity.

Accordingly, Defendants' motions to dismiss, ECF Nos. 60 and 62, are **GRANTED in part and DENIED in part**. Plaintiffs' claims challenging the general education requirements are **DISMISSED for lack of subject matter jurisdiction**. Plaintiffs' claims challenging the funding restrictions are **DISMISSED for lack of subject matter jurisdiction**, **with the exception of Dr. Austin's First Amendment challenges to the funding restrictions against the BOG members and the UF BOT members**. Plaintiffs' state-law claim is **DISMISSED as barred by sovereign immunity**, without objection from Plaintiffs.

Finally, this Court recognizes that facts and circumstances may change such that Plaintiffs may be able to plead facts that plausibly demonstrate standing to proceed on claims this Court now dismisses. But this is the second time this Court has identified the flaws in Plaintiffs' standing arguments. *See also* ECF No. 48 (denying motion for preliminary injunction for lack of standing). Accordingly, Plaintiffs are not permitted at this juncture to file a second amended complaint. Instead, in the event Plaintiffs believe they have a good faith basis to file a second amended complaint, they must first file a motion seeking leave to amend that

7

identifies the specific facts that have changed with respect to the specific Plaintiff(s) and why this now plausibly demonstrates standing for the specific claim at issue.

**SO ORDERED on September 25, 2025.**

<u>s/Mark E. Walker</u>
**United States District Judge**
