**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**SHARON AUSTIN, et al.,**

  *Plaintiffs,*

**V.**              **Case No.: 1:25cv16-MW/MJF**

**BRIAN LAMB, et al.,**

  *Defendants.*

_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

This Court has considered, without hearing, Plaintiff's motion for leave to file a second amended complaint, ECF No. 92, and Defendants' responses in opposition, ECF No. 96 and 97. For the reasons set out below, Plaintiff's motion, ECF No. 92, is **GRANTED in part and DENIED in part**.

This case began with a larger group of state university professors suing their respective Boards of Trustees and the Board of Governors to enjoin the enforcement of certain provisions of Florida law amended by SB 266—namely, certain general education course requirements and funding restrictions. After twice considering the original Plaintiffs' standing arguments, this Court concluded that only Professor Austin had alleged sufficient facts to demonstrate standing at the pleading stage to pursue her First Amendment challenges against the Board of Governors and the UF Board of Trustees with respect to the funding restrictions. ECF No. 76 at 7. In

dismissing the balance of the original Plaintiffs' claims, this Court did not permit leave to file a second amended complaint. Instead, this Court noted that the original Plaintiffs could file a motion for leave to amend solely if they "identifie[d] the specific facts that have changed with respect to the specific Plaintiff(s) and why this now plausibly demonstrates standing for the specific claim at issue." *Id*. at 7–8.

Now, several months later, Plaintiff moves for leave to file a second amended complaint that adds a brand-new Plaintiff—Professor Wiseley—who brings claims against three new groups of Defendants based on new facts unique to Professor Wiseley. *See* ECF No. 92-1. In addition, Plaintiff seeks leave to amend to add additional allegations concerning two of the original Plaintiffs to this suit—Professors Marr and Rainwater—based on the events that occurred with respect to Professor Wiseley. In other words, Plaintiff seeks leave to join a new Plaintiff with new claims against new Defendants and bootstrap such allegations to the previously dismissed original Plaintiffs' alleged standing.

Having considered Plaintiff's motion and Defendants' responses, this Court is not persuaded that Plaintiff has met her burden for permissive joinder of Professor Wiseley's new claims against three new groups of Defendants. Instead, this Court finds that Defendants, particularly the UF Board of Trustees Defendants, have the better of the argument with respect to joinder. *See* ECF No. 96 at 6–11. In short, Plaintiff's funding restriction claim is not logically related to Professor Wiseley's

general education claim, they arise under different sets of operative facts and with respect to different institutions and Defendants, and Plaintiff has identified no common question of law or fact between them. *Cf. Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013). Likewise, this Court agrees that judicial economy would not be served by adding these new parties and claims and restarting the schedule over a year after this case was originally filed.

Relatedly, inasmuch as Professors Marr and Rainwater depend upon factual allegations in support of Professor Wiseley's claim to attempt to revive their alleged standing, this Court is not persuaded that such factual allegations "fix" the problems this Court previously identified. For starters, the original Plaintiffs cannot rely on improper joinder to buttress their own deficient allegations concerning standing. But also, while the factual allegations concerning consequences Professor Wiseley is facing at his own institution understandably impact Professors Marr's and Rainwater's subjective fears about their own circumstances, the fact remains that Professor Wiseley is facing these consequences based on the alleged actions taken by other Defendants who apparently do not hold the same power over Professors Marr and Rainwater. This Court is not persuaded that such facts give rise to Article III standing for either Professor Marr or Professor Rainwater, and thus, amendment would be futile.

Finally, to the extent that Professor Austin seeks leave to amend to allege

additional, new facts unique to her remaining claim, Defendants do not oppose this limited request. *See* ECF No. 96 at 27 n.11; ECF No. 97 at 97 at 13 (noting that Board of Governors adopts in full the UF Board of Trustees' Response). Accordingly, Plaintiff has leave to amend solely to add these new allegations specific to her individual claim.

Accordingly, for the reasons set out above, Plaintiff's motion, ECF No. 92, is **GRANTED in part**—solely to permit Plaintiff to add the previously identified new facts unique to her funding restriction claim—but otherwise **DENIED**. Plaintiff shall file her revised second amended complaint with these new facts **on or before Friday, February 6, 2026.**

**SO ORDERED on February 3, 2026.**

**s/Mark E. Walker**
**United States District Judge**

4