IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SHARON AUSTIN,

     *Plaintiff,*

v.                                   Case No.: 1:25cv16-MW/MJF

BRIAN LAMB, et al.,

     *Defendants.*

_____/

## ORDER DENYING MOTION TO QUASH

This Court has considered, without hearing, Judge Kamoutsas's motion to quash subpoena and for protective order, ECF No. 127, and Plaintiff's expedited response, ECF No. 131. Judge Kamoutsas seeks to quash her deposition subpoena on the assertion of legislative privilege. *See* ECF No. 127-2. Consistent with this Court's prior order on Defendants' motion for protective order, ECF No. 130, Plaintiff has thoroughly articulated a relevant line of inquiry with respect to Judge Kamoutsas's deposition regarding her post-enactment enforcement actions in her role as the Board of Governors's former Chief of Staff, which is not barred by the legislative privilege that prevents discovery into Judge Kamoutsas's pre-enactment motivations concerning the drafting of BOG Regulation 9.016. *See* ECF No. 131 at 3–7. In short, the subpoena's purpose is not solely to inquire into the motivation behind SB 266 or BOG Regulation 9.016. *See In re Hubbard*, 803 F.3d 1298, 1310

(11th Cir. 2015) ("The subpoenas' only purpose was to support the lawsuit's inquiry into the motivation behind Act 761, an inquiry that strikes at the heart of the legislative privilege."). Instead, it is to gather discovery regarding enforcement actions the Board of Governors has taken with respect to BOG Regulation 9.016 to support Plaintiff's as-applied First Amendment viewpoint discrimination and overbreadth claims, which do not require proof of pre-enactment motivations to prove a First Amendment violation. *See, e.g.*, ECF No. 131-6 at 2 (exhibit email from Judge Kamoutsas, in her former capacity as BOG General Counsel, to the University of Florida, requesting updated information regarding university expenditures at the University of Florida "on programs and activities related to diversity, equity, and inclusion and any identified political or social activism, considering Board of Governors Regulation 9.016, Prohibited Expenditures.").

Plaintiff also has the better of the argument that Judge Kamoutsas's assertion of legislative privilege does not stretch so far as to immunize her from *any* inquiry into her post-enactment enforcement actions. *See id*. at 11; *see also PEN American Center, Inc. v. Escambia Cnty. Sch. Bd.*, 787 F. Supp. 3d 1292, 1297–98 (N.D. Fla. 2024) (declining to follow *Parnell v. Sch. Bd. of Lake Cnty.*, Case No.: 4:23cv414-AW/MAF,  2024 WL 5508347, at *1 (N.D. Fla. Sept. 24, 2024) and emphasizing that "there is a functional difference between the school board's adoption of a policy detailing what content is generally prohibited in school library books and the board's

determination that a specific book must be removed from school libraries because it contains such content."). As Judge Wetherell discussed in *PEN American*, there is a functional difference between the Board of Governors's adoption of a policy detailing which categories of programs or activities cannot receive state or federal funds and the Board of Governors's determination that a specific program or activity falls into a prohibited funding category. Accordingly, Judge Kamoutsas's motion to quash her deposition subpoena based on the assertion of legislative privilege, ECF No. 127, is **DENIED**. Plaintiff is permitted to move forward with Judge Kamoutsas's deposition consistent with this Court's prior guidance limiting Plaintiff's line of inquiry to post-enactment enforcement actions. *See* ECF No. 130.

        **SO ORDERED on June 22, 2026.**

**s/Mark E. Walker**

**United States District Judge**
