**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**SHARON AUSTIN,**

*Plaintiff,*

v. Case No.: 1:25-cv-00016-AW-MJF

**BRIAN LAMB**, *et al.*,

*Defendants.*
______________________________/

**UNOPPOSED MOTION FOR LEAVE TO EXCEED THE WORD LIMITS OF LOCAL RULE 56.1 FOR SUMMARY-JUDGMENT MEMORANDA**

Defendants Members of the Florida Board of Governors and the University of Florida Board of Trustees respectfully move unopposed, pursuant to Local Rules 7.1(F) and 56.1, for leave to file memoranda in support of and in opposition to the parties' forthcoming motions for summary judgment of up to 13,000 words each and reply memoranda of up to 5,000 words each, and state as follows:

1. On July 30, 2026, the Court entered an Order Granting Joint Motion for Entry of an Amended Scheduling and Mediation Order [ECF No. 160], which requires motions for summary judgment to be filed within thirty days after the final deposition is taken. ECF No. 160 ¶ 6. On October 9, 2026, the Court granted the parties' joint motion to extend that deadline, and motions for summary judgment are

now due on November 20, 2026. *See* Order Granting Motion for Extension [ECF No. 178].

2. Local Rule 56.1 sets the length of summary-judgment memoranda in this District. A party moving for summary judgment "must file at the same time a memorandum of up to 8,000 words." N.D. Fla. L.R. 56.1(B). An opposing party must file "a memorandum of up to 8,000 words," N.D. Fla. L.R. 56.1(C), and the moving party "may file a reply memorandum of up to 3,200 words," N.D. Fla. L.R. 56.1(D). Words are counted "in the same manner as under Local Rule 7.1(F)." N.D. Fla. L.R. 56.1(E).[1]

3. Local Rule 7.1(F) provides that "[i]n extraordinary circumstances, the Court may grant leave to file a longer memorandum." The parties jointly recognize that such leave "is disfavored," N.D. Fla. L.R. 7.1(F), and they submit that this case presents the extraordinary circumstances the Rule contemplates, for the following reasons.

4. This action is a challenge under 42 U.S.C. § 1983 to the constitutionality of a state statute, Fla. Stat. § 1004.06, and a regulation of the Board of Governors, Regulation 9.016, brought against two sets of defendants—the Members of the Board of Governors and the University of Florida Board of

[1] Under Local Rule 7.1(F), "[h]eadings, footnotes, and quotations count toward the word limit," while "[t]he case style, signature block, and any certificate of service do not count toward the word limit." N.D. Fla. L.R. 7.1(F).

Trustees—each of which is separately represented and each of which will present its own position both on standing and the merits.

5. Plaintiff's operative claims allege that the statute and the regulation discriminate on the basis of viewpoint and are overbroad in violation of the First Amendment. The Court has addressed the parties' positions on a preliminary record, on Plaintiff's motion for preliminary injunction, ECF No. 48, and on Defendants' motions to dismiss, ECF No. 76. Summary judgment will be the first occasion on which the parties present their claims and defenses on the complete record, and the Court's rulings on the forthcoming motions may resolve the case in its entirety.

6. Discovery is closed. The parties took twelve depositions, including Rule 30(b)(6) depositions of both the Board of Governors and the University of Florida Board of Trustees, and exchanged a substantial documentary record. The summary-judgment record will also include the opinion and deposition testimony of the expert witness Plaintiff disclosed on October 2, 2026, ECF No. 176 ¶ 2, whose deposition was taken on November 6, 2026.

7. Under Local Rule 56.1, a supporting memorandum "must include a statement of facts generally in the form that would be appropriate in an appellate brief," and that statement "must not be set out in a separate document." N.D. Fla. L.R. 56.1(B). An opposing memorandum "must respond to the moving party's statement of facts as would be appropriate in an appellate brief," and the opposing

party likewise "must not file a separate document setting out the facts or responding to the moving party's statement of facts." N.D. Fla. L.R. 56.1(C). And "[e]ach memorandum must include pinpoint citations to the record evidence supporting each factual assertion." N.D. Fla. L.R. 56.1(F). Every word of the statement of facts, and every record citation supporting it, therefore counts toward the 8,000-word limit.

8. Within that limit, each party must set out the facts developed through twelve depositions and the documentary record; address the threshold Article III questions of injury, traceability, and redressability as to each set of defendants; and brief the merits of Plaintiff's First Amendment claims.

9. Having conferred, counsel for all parties have concluded that the enlargement requested here will yield a more complete and more useful presentation than compressed memoranda or any later request for supplemental briefing.

10. The Defendants therefore make this unopposed request for leave to file: (a) memoranda in support of motions for summary judgment of up to 13,000 words; (b) memoranda in opposition to motions for summary judgment of up to 13,000 words; and (c) reply memoranda of up to 5,000 words. The enlarged limits would apply equally to every party. Words would continue to be counted, and certificates of compliance provided, in the manner required by Local Rules 56.1(E) and 7.1(F). The request does not affect the November 20, 2026, deadline or any other provision

of the Amended Scheduling and Mediation Order, and because every party joins in it, no party will be prejudiced.

11. Because all parties consent, Local Rule 7.1(F) would permit each party to tender its longer memorandum together with a motion for leave at the time of filing.[2] The Defendants instead seek leave now, in advance of the November 20, 2026, deadline, so that each may prepare its memorandum with the benefit of the Court's ruling and so that the Court is not presented with successive motions for leave as each memorandum is filed.

**WHEREFORE**, Defendants respectfully request that the Court grant this Unopposed Motion and enter the proposed Order (**Exhibit A**) permitting memoranda in support of and in opposition to motions for summary judgment of up to 13,000 words each and reply memoranda of up to 5,000 words each.

Dated: November 11, 2026

*/s/ Laura M. Sturges*
Michelle Morton (FBN 81975)
Samantha J. Past (FBN 1054519)
Daniel B. Tilley (FBN 102882)
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF FLORIDA**
4343 West Flagler Street, Suite 400
Miami, FL 33134
Tel.: 786-363-1082
mmorton@aclufl.org

Respectfully submitted,

*/s/ Brian M. Trujillo*
Anthony J. Sirven (FBN: 125879)
Carlos Haag (FBN: 1018828)
Brian M. Trujillo (FBN: 1025734)
Thomas P. Bardenwerper (FBN: 1044458)
**LAWSON HUCK GONZALEZ, PLLC**
121 Alhambra Plaza, 10th Floor
Coral Gables, FL 33134
305-845-1000
anthony@lawsonhuckgonzalez.com

[2] N.D. Fla. L.R. 7.1(F) ("A party who moves for leave to file a longer memorandum may attach the proposed memorandum to the motion if all opposing parties consent to the motion; otherwise the party must obtain leave to file the longer memorandum *before* tendering the longer memorandum." (emphasis added)).

spast@aclufl.org
dtilley@aclufl.org

Lee R. Crain
Martie Kutscher Clark
Laura M. Sturges
Janiel Myers
Caelin Moriarity Miltko
A. Nell Tooley
**GIBSON, DUNN & CRUTCHER LLP**
200 Park Avenue
New York, New York 10166
Telephone: 212-351-4000
lcrain@gibsondunn.com
mkutscherclark@gibsondunn.com
lsturges@gibsondunn.com
jjmyers@gibsondunn.com
cmoriaritymiltko@gibsondunn.com
ntooley@gibsondunn.com
*Counsel for Plaintiff*

carlos@lawsonhuckgonzalez.com
brian@lawsonhuckgonzalez.com
thomas@lawsonhuckgonzalez.com

Adam Brandon (FBN: 99316)
Caroline May Poor (FBN: 101839)
**LAWSON HUCK GONZALEZ, PLLC**
101 E. College Avenue, 5th Floor
Tallahassee, FL 32301
Telephone: 850-825-4334
adam@lawsonhuckgonzalez.com
caroline@lawsonhuckgonzalez.com

*Counsel for the Florida Board of Governors of the State University System*

*/s/ Sydney Rochelle Harville*
Hala Sandridge, FBN 0454362
hala.sandridge@bipc.com
BUCHANAN INGERSOLL
& ROONEY PC
401 East Jackson Street,
Suite 2400
Tampa, FL 33602
Telephone 813 222 1127
Fax 813 222 8189

Sydney Rochelle Harville (admitted pro hac vice)
sydney.harville@bipc.com
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
P: 215 665 8700/F: 215 665 8760

*Counsel for the University of Florida Board of Trustees*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(B)**

The parties certify that they conferred on November 5, 9, 10, and 11, 2026, regarding the word limits for summary-judgment memoranda, and the Plaintiff does not oppose the Defendants' requested relief.

By: */s/ Brian M. Trujillo*
Brian M. Trujillo (FBN: 1025734)

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

Pursuant to Local Rule 7.1(F), I hereby certify that this Motion contains 1,052 words, exclusive of the case style, signature block, and certificate of service.

By: */s/ Brian M. Trujillo*
Brian M. Trujillo (FBN: 1025734)